**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HUY HOA NGUYEN,

     Petitioner,

v.                                  No. 2:26-cv-00387-MLG-GJF

MARKWAYNE MULLIN,[1] Secretary,
U.S. Department of Homeland Security et al.,

     Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

On February 12, 2026, pro se Petitioner Huy Hoa Nguyen filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), Doc. 1. He had previously been ordered removed on September 25, 2025. His Petition challenged his "continued and prolonged detention" without any showing from federal immigration authorities that his removal to Vietnam was reasonably foreseeable. *Id.* at 2, 6. As a remedy to this alleged Fifth Amendment due process violation, Nguyen requested that the Court order: (1) his immediate release from federal immigration custody; or, in the alternative, (2) an individualized bond hearing before an immigration judge. *Id.* at 7. The Court required Respondents to show cause why Nguyen's Petition should not be granted. *See* Doc. 4. In response, the United States argued that "[b]ecause Petitioner has now decided not to appeal his removal order and now chooses to be removed to Vietnam, the process for removal to Vietnam should soon be completed[.]" Doc. 6 at 1; *see also id.* at 3, 5 (providing a specific timeline for the removal process to be effectuated as of the date of filing).

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

1

On March 26, 2026, Respondents updated the Court that Nguyen had been removed from the United States on March 15, 2026. Since Nguyen's requested relief is no longer available, the Court—without reaching the merits of his constitutional challenge to his "continued and prolonged detention"—hereby denies Nguyen's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), Doc. 1, as moot. Final judgment will be entered contemporaneously pursuant to Federal Rule of Civil Procedure 58(a).

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

2